IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES ROSARIO, # K-82172, )<br>)<br>             **Plaintiff,**   )<br>)<br>   vs.                     )<br>)<br>WEXFORD HEALTH CARE,  )<br>SUSAN KERR,               )<br>HEATHER CARPENTER,    )<br>DEE DEE BROCKHART,     )<br>DR. OSMUDSON,            )<br>and RANDY GROUNDS,     )<br>)<br>             **Defendants.**   ) | Case No. 15-cv-1008-MJR |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

        Plaintiff, currently incarcerated at Robinson Correctional Center ("Robinson"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He also alleges a violation of the Americans with Disabilities Act. He claims that Defendants have been deliberately indifferent to his serious medical condition. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

        By way of background, Plaintiff explains that he was hit by a vehicle in 1979, and sustained major injuries. Both of his legs were amputated at the knees, and his spinal cord was damaged. Because of his spinal condition, Plaintiff cannot lie flat to sleep, but must have his back elevated in a semi-reclined position.

        Plaintiff asked Defendant Kerr (Robinson Health Care Administrator) to allow him to sleep in a medical bed or be sent to another facility where one was available, in order to accommodate his condition (Doc. 1, p. 6). She refused to put Plaintiff into the health care unit,

which has medical beds.  However, on April 30, 2015, she gave Plaintiff a permit so that he would be allowed to sleep in his wheelchair near his bed.  She said that she was "doing too much" by issuing the permit, and he should not have got himself locked up (Doc. 1, p. 7).  Plaintiff wrote grievances over the problem, but nothing was done.

On August 18, 2015, Plaintiff went to Defendant Dr. Osmudson, who told Plaintiff there was nothing he could do other than issue medication.  Defendant Osmudson checked Plaintiff's back, but did nothing (Doc. 1, p. 7).

Plaintiff sent requests for accommodation to Defendant Carpenter (Health Care Administrator for Wexford Health Care), but got no results.  He also spoke to prison nurses (whom he does not identify), and was advised to put in for sick call or to use a pillow.

Plaintiff has suffered continued pain and discomfort from sleeping upright in the wheelchair for over nine months.  This has also caused wear and tear on the wheelchair's back support, which is ripping and is now in an unsafe condition.  If the back support tears completely, Plaintiff will fall out of the chair and could suffer further injury (Doc. 1, p. 7).

As relief, Plaintiff seeks only money damages (Doc. 1, p. 9).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit."  *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000).  An action fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557.  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.  At the same time, however, the factual allegations of a pro se complaint are to be liberally construed.  *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into the following counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:**  Eighth Amendment claim against Defendants Kerr, Osmudson, and Carpenter, for deliberate indifference to Plaintiff's medical need for a bed to accommodate his painful spinal injury;
>
> **Count 2:**  Claim for violation of the Americans with Disabilities Act (and/or the Rehabilitation Act), against Defendants Kerr, Osmudson, and Carpenter in their official capacities, for their failure to accommodate Plaintiff's disability-related need for an elevated bed.

Accepting Plaintiff's allegations as true, Plaintiff's claim in **Count 1** shall proceed for further review against the three Defendants listed above.  However, he has failed to

state a constitutional claim upon which relief may be granted against the remaining Defendants, and they shall be dismissed. **Count 2** may also proceed, but only against the Defendants in their official capacity.

**Count 1 – Deliberate Indifference to Serious Medical Needs**

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. "[T]he existence of chronic and substantial pain" is an objectively serious medical condition. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015). The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires prison officials to take "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Further, a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

In the instant case, Plaintiff's spinal injury is a serious medical condition, and it prevents him from sleeping flat on his back in a regular bed. Further, the pain caused by this condition has become worse over the time that Plaintiff has had to sleep upright in his wheelchair at the direction of Defendants Kerr, Osmudson, and Carpenter. These three officials are the only

people to whom Plaintiff claims to have directed his requests for accommodation of his condition, therefore, the complaint will only support a deliberate indifference claim against these individuals.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (internal quotations and citations omitted). Plaintiff has included Robinson Warden Grounds and Second Warden Brockhart among the Defendants. However, he never mentions them in the body of his complaint, and does not describe any interaction with them with regard to his requests for accommodation of his medical needs. Therefore, there is no indication that they were aware of Plaintiff's problems, let alone were deliberately indifferent to his plight. Furthermore, these officials cannot be held liable merely because of their administrative or supervisory positions. The doctrine of *respondeat superior* (supervisory liability) is not applicable to § 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). For these reasons, Defendants Brockhart and Grounds shall be dismissed from the action without prejudice.

Finally, Defendant Wexford Health Care ("Wexford") is the corporation that provides health care services to the prison, and is the employer of Defendants Kerr, Carpenter, and Osmudson. A corporation such as Defendant Wexford can be held liable for deliberate indifference to an inmate's medical need only if it had a policy or practice that caused the alleged violation of a constitutional right. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). *See also Jackson v. Ill. Medi-Car, Inc.,* 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a § 1983 action). Plaintiff

includes no allegations to suggest that Defendants Kerr, Carpenter, or Osmudson denied his requests for accommodation because of a policy or practice promulgated by Defendant Wexford. Accordingly, Defendant Wexford shall also be dismissed from the action without prejudice.

To summarize, **Count 1** shall proceed only against Defendants Kerr, Carpenter, and Osmudson, in their individual capacities.

**Count 2 – ADA and RA**

The complaint indicates possible violations of the Americans with Disabilities Act and the Rehabilitation Act.[1]   In order to state a claim under the ADA or RA, a plaintiff must show: (1) that he has a qualifying disability within the meaning of the statutes; (2) that he is being denied the benefits of a public entity's services, programs, or activities, or is otherwise discriminated against by the public entity; and (3) that the exclusion, denial, or discrimination is because of his disability.   *See* 42 U.S.C. § 12132; *Novak v. Bd. of Trustees of S. Ill. Univ.*, 777 F.3d 966, 974 (7th Cir. 2015); *Jackson v. City of Chicago*, 414 F.3d 806, 810 (7th Cir. 2005); *Culvahouse v. City of LaPorte*, 679 F. Supp. 2d 931, 937 (N.D. Ind. 2009).  The Rehabilitation Act has the additional requirement that the program in question receives federal funding; this is the case with all state prisons.  *See* 29 U.S.C. § 794(a); *Novak*, 777 F.3d at 974.

Prisons must provide beds for inmates, and this is arguably a "service" within the meaning of the ADA and/or RA.  *See U.S. v. Georgia*, 546 U.S. 151, 158 (2006).  Plaintiff has not been provided with a bed that will accommodate his disability-related needs, despite his requests to the three Defendants who remain in Count 1.  However, Plaintiff cannot maintain a claim under the ADA or RA against these Defendants in their individual capacity.  "[E]mployees

---

[1] The Seventh Circuit has cautioned that claims of discrimination on account of a disability, especially those from *pro se* prisoner litigants, must be analyzed in light of both the ADA and the Rehabilitation Act, whether or not the plaintiff has asserted a claim under the latter statute.  *Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012).

of the Department of Corrections are not amenable to suit under the Rehabilitation Act or the ADA. See 29 U.S.C. § 794(b); 42 U.S.C. § 12131." *Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667, 670 (7th Cir. 2012). Instead, a suit under these statutes must be brought against the public/governmental entity itself. In this case, that entity is the Illinois Department of Corrections.

A suit against a prison official in his or her official capacity is in effect a suit against the state agency. A claim for monetary damages and/or injunctive relief may be brought against a public agency for violating the ADA or RA. *See Jaros*, 684 F.3 at 672. Of course, any monetary damages that might be available under these statutes would appear to be duplicative of any relief Plaintiff may obtain through his deliberate indifference claim in Count 1. Nonetheless, at this juncture, **Count 2** shall also proceed for further consideration against Defendants Kerr, Carpenter, and Osmudson in their official capacities.

**Pending Motions**

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to the United States Magistrate Judge for further consideration.

The motion for service of process at government expense (Doc. 4) is **GRANTED IN PART AND DENIED IN PART.** Service shall be ordered below on those Defendants who remain in the action. No service shall be made on the dismissed Defendants.

**Disposition**

Defendants **WEXFORD HEALTH CARE, BROCKHART,** and **GROUNDS** are **DISMISSED** from this action without prejudice.

The Clerk of Court shall prepare for Defendants **KERR, CARPENTER,** and **OSMUDSON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons),

and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings, which shall include a

determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 13, 2015**

s/ MICHAEL J. REAGAN
Chief Judge
United States District Court
